STATE OF NORTH CAROLINA v. JOHN GORE

No. 725SC131

(Filed 24 May 1972)

1. Criminal Law § 99— questions by trial court — expression of opinion

In this felonious larceny prosecution wherein defendant waived counsel and represented himself at the trial, the trial court did not express an opinion on the credibility of defendant's evidence in asking questions of defendant and some of his witnesses for the purpose of assisting defendant in presenting his defense of alibi.

2. Criminal Law § 171— indictment charging one crime — trial for two crimes — sentence — harmless error

Any error which may have resulted from proceeding as if the indictment contained felonious breaking and entering and felonious larceny counts when the indictment was sufficient to charge only the single offense of felonious larceny was not prejudicial where defendant was sentenced only for felonious larceny.

APPEAL by defendant from *Fountain, Judge,* 25 October 1971 Criminal Session of Superior Court held in NEW HANOVER County.

Defendant was tried and convicted of the offense of larceny committed after feloniously breaking and entering a building in violation of G.S. 14-54. G.S. 14-72 (b) (2).

*Attorney General Morgan by Assistant Attorney General Satisky for the State.*

*Herbert J. Zimmer for defendant appellant.*

GRAHAM, Judge.

[1]   The only assignment of error argued on appeal relates to certain questions asked defendant and some of his witnesses by the trial court. Defendant contends that in propounding the questions the court inadvertently expressed an opinion on the credibility of his evidence. We disagree.

We deem it unnecessary to set forth the questions subject to exception. Suffice it to say we have carefully examined each of them and we conclude that no prejudice to defendant could have resulted.

Defendant waived counsel and represented himself at the trial. The questions asked by the trial court appear to have been for the purpose of assisting defendant in presenting his defense of alibi. The answers elicited tended to clarify defendant's contentions.

[2]   A review of the record, including the court's charge, discloses that defendant was tried for felonious breaking and entering and felonious larceny. In our opinion the bill of indictment contained in the record is sufficient to charge only the single offense of felonious larceny. The judgment in the record shows that defendant was only sentenced for this offense. Under these circumstances, any error which may have resulted from proceeding as if the bill of indictment contained two counts was not prejudicial.

No error.

Judges MORRIS and VAUGHN concur.